CIVIL COMPLAINT FORM TO BE USED BY A PRO SE PRISONER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Michael Lynch    76039-004
Full Name of Plaintiff Inmate No.

V.

Civil No. _____
(to be filled out by clerk's ofc.)

(X)  Demand for Jury Trial
( )  No Jury Trial Demand

Warden Thomson
(Name of Defendant 1)

R. Sierp
(Name of Defendant 2)

J. Brown
(Name of Defendant 3)

**FILED
WILLIAMSPORT**

**JUL 13 2023**

PER____ FA ____
DEPUTY CLERK

Lt. Fry
(Name of Defendant 4)

Mr. Hartman - S.I.S.
(Name of Defendant 5)

Defendants #6 thru #10 continued on Page 1b of 6

(Print the names of all defendants.  If the
names of all defendants do not fit in this
space, you may attach additional pages.  Do
not include addresses in this section).

I.   NATURE OF COMPLAINT

Indicate below the federal legal basis for your claim, if known.

___   Civil Rights Action under 42 U.S.C. § 1983 (state,county,municipal
                                                        defendants)

_X_   Civil Rights Action under Bivens v. Six Unk. Fed. Narcotics Agents,
      403 U.S. 388 (1971) (federal defendants)

___   Negligence Action under the Federal Tort Claims Act (FTCA),
      28 U.S.C. § 1346, against the United States

Page 1(a) of 6

ATTACHMENT

(Defendants continued)

6.  Dr. Siddal

7.  Captain - Kline Felter

8.  Officer Greene

9.  Officer Anthony

10. Lt. Stover

II.  ADDRESSES AND INFORMATION

    A.  PLAINTIFF

        Lynch, Michael D.
        Name (Last, First, Mi)
        76039-004
        Inmate Number
        F.C.I. Big Spring
        Place of confinement
        1900 Simler Ave.
        Address
        Big Spring, Texas  79720  Howard County
        City, County, State, Zip Code


    Indicate whether you are a prisoner or other confined person
    as follows:

    ___  Pretrial detainee
    ___  Civilly committed detainee
    ___  Immigration detainee
    ___  Convicted and sentenced state prisoner
    _X_  Convicted and sentenced federal prisoner


    B.  DEFENDANTS

    Provide the information below for each defendant.  Attach additional
    pages if needed.

    Make sure that the defendant(s) listed below are identical to
    those contained in the caption.  If incorrect information is
    provided, it could result in the delay or prevention of service
    of the complaint.

    Defendant 1:
                Warden Thomson
    Name (Last, First)
            Warden of L.S.C.I. Allenwood
    Current Job Title
        Allenwood L.S.C.I.  P.O. Box 1500
    Current Work Address
        White Deer, PA, 17887
    City, County, State, Zip Code


                    Page 2 of 6

Defendant 2:

R. Sierp
Name (Last, First)
Corrections Officer
Current Job Title
Allenwood L.S.C.I.  P.O. Box 1500
Current Work Address
White Deer, Pa, 17887
City, County, State, Zip Code

Defendant 3:

J. Brown
Name (Last, First)
Corrections Officer
Current Job Title
Allenwood L.S.C.I.  P.O. Box 1500
Current Work Address
White Deer, Pa, 17887
City, County, State, Zip Code

Defendant 4:

Lt. Fry
Name (Last, First)
S.H.U.-Special Housing Unit  Lt.
Current Job Title
Allenwood L.S.C.I.  P.O. Box 1500
Current Work Address
White Deer, Pa, 17887
City,County, State, Zip Code

Defendant 5:

Mr. Hartman
Name (First, Last)
S.I.S.
Current Job Title
Allenwood L.S.C.I. P.O. Box 1500
Current Work Address
White Deer, Pa, 17887
City, County, State, Zip Code

Page 3 of 6  (cont'd 3b & 3c of 6)

ATTACHMENT

Defendants Information

(continued)


Defendant 6:

    Dr. Siddal

    Psychologist

    Allenwood L.S.C.I. P.O. Box 1500 (work address)

    White Deer, PA  17887


Defendant 7:

    Klinefelter

    Captain of Custody

    Allenwood L.S.C.I. P.O. Box 1500 (work address)

    White Deer PA 17887

Defendant 8:

    Stover

    S.H.U. Lt.

    Allenwood L.S.C.I. P.O. Box 1500

    White Deer PA.  17887


Page 3b of 6

## ATTACHMENT

Defendants Information

(continued)

Defendant 9:

    Mr. Greene

    Corrections Officer

    Allenwood L.S.C.I. P.O. Box 1500

    White Deer PA 17887

Defendant 10:

    Mr. Anthony

    Corrections Officer

    Allenwood L.S.C.I. P.O., Box 1500

    White Deer, PA. 17887

III.  STATEMENT OF FACTS

State only the facts of your claim below.  Include all the facts
you consider important.  Attach additional pages if needed.

   A.  Describe where and when the events giving rise to your
       claim(s) arose.

See attach pages "Supporting of Facts"

                    Pages 4a thru 4f

   B.  On what date did the events giving rise to your claim(s)
       occur?

See attach pages "Supporting of  Facts"

                    Pages 4a thru 4f

   C.  What are the facts underlying your claim(s) (For example:
       What happened to you?  Who did what?)

See attach pages "Supporting of Facts"

                    Pages 4a thru 4f

Page 4 of 6 (continued)

## Supporting of Facts

1. On March 14, 2022, I placed a call to my friend's mother to inform her that her son had been rushed to the hospital because of an emergency.

2. At about 12:45 P.M. March 14, 2022, I was told to report to the Lieutenant's office and was questioned and interrogated about the phone call I made to my friend's mother.

3. I then received an incident report for this incident and was escorted to the S.H.U. (Special Housing Unit).

4. Upon arriving into the S.H.U., C.O. Sierp was escorting me to a cell and was told by C.O. Brown to bring me back down to the bottom of the stairs. Once at the bottom of the staires, C.O. Brown screamed into my face "who the fuck do you think you are, making a phone call like that. Do you know who Robert Miller was? And, proceeded to scream out that Robert Miller was not only a fellow co-worker, also a friend, whom had been ambushed while escorting a prisoner and was killed.

5. While C.O. Brown was screaming he kept jabbing his finger repeatedly into my chest and was spraying spit into my face but I was to shocked and scared and was in fear for my life to have backed up or said anything.

6. I was then taken to Range 2 and put in cell no. 14, with a black inmate (Williams) whom yelled (I don't want no white Chomo (child molester) in my cell), to which C.O. Sierp smiled at me and said good luck being in that cell and placed me in cell no. 14.

Page 4a of 6

## Supporting of Facts
### (continued)

7. Once inside the cell (Williams) whom inmates called the "Tank" whom is 5 foot 9 inches and weighed about 195 lbs. showed me into the corner of the cell and told me that any food I received was his and took my meals for a week. I myself am 5 foot 5 inches and weighed 125 lbs. and feared for my life the whole time.

8. On March 20, 2022 (Williams informed me that I could no longer stay in the cell and I had to move or I would have to fight him.)

9. I informed Officer Anthony that I had been threatened and had to move out of the cell and explained to him that I was in danger and Officer Anthony responded ("too bad, you're not being moved"); I then requested to speak to the S.H.U. Lt. and was denied at about 9:45.

10. At 10:00 a.m., Inmate Williams, punched me repeatedly on the right side of my head and body, causing my head to hit the steel door frame, which caused an injury and open wound on my head which bled. I hit the medical emergency button, and was ignored even while making it known to Officer Sierp and Officer Greene, during count, that I needed medical attention.

11. About an hour later, Officer Greene, came to the door alone and I kicked the door to get him to help me, and he called for back up and when asked what the problem was, Officer Greene, announced that a "ChoMo had been assaulted" while laughing.

12. I was removed from this cell and taken to the Lobby area and was put into a strip out cage and the S.H.U. Lt. photographed my injuries and paramedic (Ashley Swineford)

Page 4b of 6

Supporting of Facts

(CONTINUED)

12.   (cont'd) treated me.

13.   I was returned to Range 2 and placed in another cell, No. 216, with no further incidents.

14.   On 04/14/22, at 12:25 p.m., Officer Brown and Officer Sierp, placed inmate N. Auther, in the cell with me, and when we were uncuffed, inmate N. Auther shoved me hard against the wall and started to yell and scream, that he or myself needed to be moved out of there or we were going to have problems, to which Officer Greene replied by stating that ("you both are going to live together until you can no longer live together"), speaking directly to inmate N. Authur and inmate N. Authur said ("O.K. you're the boss"). N. Authur, then got a hand full of envelopes and started covering up the window to block the view from staff and proceeded to yell and berate me, while I crowded in the corner in fear for my life.

15,   N. Authur demanded to speak to the S.H.U. Lt. and Officer Greene left and Officer Sierp reappeared and demanded that the window be uncovered or he was going to spray O.C. in the cell, to which I yelled out ("please don't, I have C.O.P.D. (Chronic Obstructive Pulmonary Disease) and Asthma. Please call Psychology and they can verify this , to which Officer Brown replied "That's the majic words", and opened the door trap and sprayed O.C. pepper spray into

Page 4c of 6

## Supporting of Facts

### (Continued)

the cell while aiming at me and covering me with pepper spray. This spray can was about 4 to 6 inches tall and was emptied into the cell, instead of following BOP policy of short controled bursts.

16.  I was removed from cell No. 216, and placed on suicide watch and was questioned by Lt. Stover and after he had taken my statement, promised to remove me the following day from suicide watch.

17.  Lt. Fry, escorted me back to S.H.U., and placed me in cell No. 216, with again my tormentor, N. Authur;It was then, that I started having panic attacks, causing chest pains and medical was called and was escorted back to suicide watch and I was clearly in medical distress, not suicidal. While, in route to suicide watch, Lt. Fry, while laughing with other officers said, that he could not wait to get home and tell his wife, this story, because, she hates ChoMo's just as much as me. And, further stated that ("when you return to the S.H.U., on Monday, "I'm going to make you my bitch".

18.  I was later informed that N. Authur, was indeed, a friend of inmate Williams, and both inmate Williams and inmate Authur received incident reports for assault on an inmate (Williams), and insulted a staff member, and obstruction of a window or something of that nature.

19.  On 04/15/22, I received an incident report, claiming that I had fashioned a noose out of a bed sheet and put it around

## Supporting of Facts

### (Continued)

my neck while the other end was tied somewhere and purportedly, I was standing on the floor . Further more, this incident report, stated that Officer sprayed one burst of O.C. spray and ordered me to submit to restraints, but I supposedly, with my medical conditions of C.O.P.D. and Asthma, had enough time, to untie this so called hanging device, made out of bedsheets, and also had time to casually flush the blanket down the toilet, Prison toilets, when up to code, have traps and filters, for security and are not able to flush down large items, and prevent flooding of the ranges. The report does not say anything about a large object, such as a blanket or sheet, obstructing the toilet, and there are no photographs as evidence, which per BOP policy, would have been taken.

20. Clearly, Officer Brown, misrepresented federal documents on the incident report No. 3617495, since an incident of this type is surely falsified, making it a falsified statement!/? This would make the reporting false, and the preparer, subject to prosecution on a federal form. This officer did spray O.C. into my cell No. 216, and did in fact, spray the whole canister into the cell, which record log for the canister on 04/14/22, would be evidence of that fact!

21. Dr. Siddall, was told reeatedly by me, of my situation, and assault, but refused to help me ! She is a doctor, and in authority to request safe housing for me, but she refused, and

## Supporting of Facts

(continued)

said, "there is nothing I can do". This is clearly unprofessional, and a violation of what ever oath she took, as a doctor, to provide unbiased or unprejudicial care. I believe, that she should be investigated, to see how she has handled other similar situations, and perhaps, charges be placed on her, and terminated!

22. Warden Thompson, was no help either, and ignored my numerous pleas for help and rather, replied, "you'll pack out soon and you can be someone else's problem".

23. Captain Kleinfelter simply stated, "I don't give a Fuck; you're not my problem and would walk away. I made two attempts to talk to Kleinfelter, to which he responded, with indeceit language and simply walked away.

IV.  LEGAL CLAIM(S)

You are not required to make legal argument or cite any cases or statutes.  However, state what constitutional rights, statutes, or laws you believe were violated by the above actions.  If you intend to assert multiple claims, number and set forth each claim in separate paragraphs.  Attach additional pages if needed.

See Pages 5a thru 5b as attachments - LEGAL CLAIMS
_____
_____

V.    INJURY

Describe with specificity what injury, harm, or damages you suffered because of the events described above.

Trauma, pain and suffering, scares from the assault, eminent danger of serious injury

See attached BOP Health Services medical record(s) with additional medical facts
_____
_____

VI.  RELIEF

State exactly what you want the court to do for you.  For example, you may be seeking money damages, you may want the court to order a defendant to do something or stop doing something, or you may be seeking both types of relief.  If you are seeking monetary relief, state your request generally.  Do not request a specific amount of money.

For Tort teasers be held accountable for their unprofessional actions;for Washington BOP investigate and correct staff's actions according to BOP procedures; I believe that for the BOP to take some constructive action(s), a monetary penalty may be seriously considered with a significant amount such as $10 million dollars, to not only punish these individuals, but to force the Institute to take some constructive actions toward preventing such improper behavior by so called professionals of the law.

Page 5 of 6 (See attached Pages 5a thru 5b)

## LEGAL CLAIMS

1. Warden R. Thompson - failure to provide adequate safe housing for plaintiff. Neglect of Plaintiff's safety - ignoring Plaintiff's complaints, causing a derelict of duty.

2. Captain Kleinfelter - Ignoring Plaintiff's complaints; Derelict of duty, in regards to the Plaintiff's safety.

3. Lt. Fry - who intentionally placed Plaintiff in eminent danger of bodily harm and neglect of Plaintiff's personal safety, resulting in a violent outcome.

4. S.I.S. - Hartman - who's failure to follow-up on the assault and failed to provide adequate protection, with neglect of Plaintiff's safety.

5. Lt. Stover - Failure to follow-up on the assault and failure to follow-up on the P.C. status with neglect for the Plaintiff's personal safety.

6. Dr. Siddall - failure to provide follow-up care, with neglect to the Plaintiff's safety, failure to provide adequate safe housing and protection of the Plaintiff.

7. Officer R. Sierp - who intentionally placed the Plaintiff in eminent danger of bodily harm, derelict of duty by instigating a violent assault on the Plaintiff by allowing Plaintiff to be placed with an inmate who immediately threatened Plaintiff, when placed in the cell. Ofc. Sierp, also refused to provide safe housing, and ignored emergency

Page 5a of 6

## LEGAL CLAIMS

(Continued)

7. (continued) procedures during the assault on the Plaintiff by another inmate and neglected the Plaintiff's safety. Ofc. Sierp, also misrepresented federal documents on the incident report No. 3617498.

8. Officer J. Brown - placing Plaintiff in eminent danger of serious bodily harm by the use of O.C. (Oleoresin Caspicum spray), and enticing an assault on the Plaintiff by placing him in a cell with an unwelcoming inmate or intolerant, derelict of duty, misrepresentation and plain lieing on a federal report, incident No. 3617495, and failure to provide safe housing for the Plaintiff.

9. Officer Anthony - failure to follow-up using protective procedures for the Plaintiff's safety, neglect of Plaintiff's cry outs for help to avoid the unsafe environment he was placed in, and derelict of duty. Officer Anthony announced to the other inmate in the cell, that Plaintiff was a "ChoMo".

10. Officer Greene - enticed an assault on the Plaintiff, derelict of duty, not providing a safe housing environment, and was aware that Plaintiff was being placed in a hostile cell.

## VII.    SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.


*Michael Lynch*

Signature of Plaintiff

*July 10th 2023*

Date



... ... ... ...
Federal Correctional
1900 Simler Avenue
Big Spring, tx
79720

CERTIFIED MAIL®

7022 2410 0000 7280 8922

RECEIVED
WILLIAMSPORT

JUL 13 2023

PER _____ EA _____
DEPUTY CLERK

*Legal*
mail

Office of the Clerk
U.S. District court
middle District of Pennsylvania
U.S. court House suite 218
248 west Third street
Williamsport, PA.
                    17701-6460