Civil Complaint Form to be used by a "Pro Se"

In the United States District Court

For the Middle District of Pennsylvania

FILED
HARRISBURG, PA
SEP 20 2024
PER __MA__
DEPUTY CLERK

Michael Lynch  Fed. No. 76039-004
   (Plaintiff)

Civil No. 1:23-CV-1167

(X)  Demand for Jury Trial

Dr. Siddal
(Defendant)

I. Nature of complaint

   Civil Rights Action under Bivens v. Six Unk. Fed. Narcotics Agents, 403 U.S. 388 (1971) (federal defendants)

II. Addresses and Information

   A. Plaintiff:

      Lynch, Michael D.
      Fed. No. 76039-004
      F.C.I. Big Spring
      1900 Simler Ave.
      Big Spring, Texas   79720

   I am a convicted inmate serving my sentence at FCI Big Spring.

   B. Defendant

      Dr. Siddal
      Psychologist
      Allenwood L.S.C.I. P.O. Box 1500 (work address)
      White Deer, PA  17887

III. Statement of Facts

   A. Description of where and when the events giving rise to my claim(s) arose.

      See Exhibits "Supporting of Facts"

   B. On what date did the events giving rise to my claim(s) occur?

      See Exhibits "Supporting of Facts"

Page 1 of 5

III   Statement of Facts - Continued

   C.   What are the facts underlying my claim(s)

   See Exhibits "Supporting of Facts" **Exhibit C**

Item No. 21 on "Supporting of Facts" documents my effort and attempt to reach out for help from the Psychology Department, Dr. Siddall.

Dr. Siddall, was given a 'cop-out' on 07/25/2022. See attached Exhibit A.

I believe that at this point I am suffering from Situational Depression, since I had no prior problems until after this horrible experience of being assaulted and sprayed with chemicals. I believe I am also suffering from Post Traumatic Stress Disorder.

In Incident Report and Discipline Hearing Officer Report Exhibit B, dated 04/14/2022, V. "Specific Evidence Relied on to Support Findings (Physical evidence, observations, written documents, etc.) concerning Dr. E. Sidall's assessment (See attached Exhibit  ) "A psychological assessment completed by Dr. E. Siddall, stated LYNCH, specific to this incident report, was competent to aid in is own defense of the charged acts and was responsible for any found behaviors, as he showed no mental disease or defect." This contradicts the DHO report that describes me as suicidal and that said I put a homemade noose around my neck, when in fact, I never did that. What Dr. E. Siddall, failed to address was my symptoms of depression and anxiety, that was a result of the assault while I was in the SHU, the unnecessary of pepper spray in my face, and the terrible comments that SHU officer's made toward me and are documented on "Supporting Facts". I begged for assistance from Dr. E. Siddall, but was told by the psychology doctor, that "there is nothing I can do."

I am not a physician, but it would seem to me, that the Psychologist failed to recognize the symptoms of depression, anxiety, and nightmares, the latter of which I understand are consistent with Post Traumatic Stress Disorder. Failure to make this assessment, and failure to refer me to a physician who could make the correct diagnosis and perhaps place me on medical treatment, is both unprofessional and fails to meet the standard of care deserving of a human being and per
and is "cruel and unusual punishment". Estelle v Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1971) "Cruel and unusual punishment under 8th Amendment as well as Civil rights violation under 42 USCS § 1983 with prison doctors [Psychologist, a doctor, i.e.PhD] and guards denied and delayed access to medical care by not referring me to an Emergency Room at a Hospital or a physician specialist.

I am submitting a synopsis of medical history and physical exam findings, that are a result of this vicious assault in the SHU, while under the protection of the B.O.P. officer's and staff.

This is taken from B.O.P. Health Services medical records.

This physical evidence, contributes and confirms that anyone experiencing such an ordeal, as I was, would suffer depression, anxiety, and Post-Traumatic Stress Disorder. Again, these diagnoses were not made, and I did not receive the proper medical treatment because Dr. E. Siddall, failed to make the appropriate accessment, and failed to refer me to the proper physician for evaluation and treatment. Because of her failure in doing so, I now suffer from severe anxiety, walk around with uncontrolled shaking of my body and extremities, am told by fellow inmates that I cry and yell in my sleep, and say things, like "don't hit me, don't hit me ... help, help ... Mama, Mama" and when people try to wake me up, I jump up startled with my hands & arms in the defensive position, as if someone is trying to hit me.

I refer this Court to the Medical History & Physical Exam findings based on BOP Health Services Medical Records, for additional medical and psychological objective findings.   See Exhibit **D**

IV.   Legal Claims

Dr. E. Siddall, failed to meet the standard of care that a licensed psychologist would provide for a patient with physical and emotional trauma, that I experienced in the assault and surrounding psychological traumas inflicted by BOP guard(s), failure of the Warden to address the emergency and medical needs of an inmate, and failing to make a proper referral to a physician to treat the emotional traumas. Dr. E. Siddall failed to provide follow-up care, with neglect to the Plaintiff's safety, failure to provide adequate safe housing and protection of the Plaintiff, and because of this failure to treat me with psychological care and make the proper referrals, I will suffer with depression, anxiety, and Post-traumatic Stress Disorder because of this assault incident for the remainder of my life. It is my understanding that emotional trauma of this type, when not treated quickly and properly, with referrals to specialist, will increase the risk of health problems such as hypertension, cardiovascular disease, intestinal problems such as ulcer and Irritabel Bowel Disease, Strokes, increase the risk of Alziehmer's, and believe to contribute to the risk of developing certain types of cancer, such as colon and pancreatic, as well as, increase the risk of diabetes mellitus.

V. Injury

Describe with specificity what injury, harm, or damages you suffered because of the events described above:

Trauma, both psychological and physical;Continue to have constant pain in my neck and back because of the assault, emotional and psychological scar's from this assault and the ugly comments that guards and staff made, nightmares, anxiety, depression, and symptoms of PTSD.

Anxiety and depression, has contributed to abnormal eating and sleeping habits, which I have been told, will increase my risk of medical issues in the future, and any diseases that run in the family, such as hypertension, cardiovascular, heart attacks, strokes, Alziehmer's, and cancer.

These psychological and physical/medical issues that have resulted from this horrible experience at Allenwood L.S.C.I. in White Deer, PA, will be life long.

Refer also to BOP Health Services Medical Records with medical facts discussion.

VI. Relief

For Tort teasers be held accountable for their unprofessional actions;for Washington BOP to investigate and correct staff and/or contract employee actions so that they will be consistent and agreement with BOP procedures and policy; A monetary penalty of $10 million dollars because I am scared for life, and the mental and physical issues that I have, the latter of which have yet to be evaluated properly and will likely not get addressed until I am released and will have to pay the expensive specialist and hospital/tests out of pocket for pre-existing. I am asking for $10 million in damages, but just want the Court to know, that there is no adequate dollar number or amount that can replace the health that I have lost because of this preventable assault. Because of my depression, anxiety, PTSD, and unevaluated and undiagnosed medical issues that I have developed since the assault, for example the terrible headaches, I will not be able to hold down a job when released from prison. This money award like I said, won't replace my emotional and physical health, but it will assist me in living out the remainder of my years with somewhat peace and be able to help my children and grandchildren.

Leviticus 19:15,35 "Do not pervert justice;do not show partiality to the poor or favoritism to the great,but judge your neighbor fairly. Do not use dishonest standards when measuring length, weight, or quantity. I am the Lord you God, who brought you out of Egypt."

## VII. SIGNATURE

By signing this complaint, you represent to the court that the facts alleged are true to the best of your knowledge and are supported by evidence, that those facts show a violation of law, and that you are not filing this complaint to harass another person or for any other improper purpose.

Local Rule of Court 83.18 requires *pro se* plaintiffs to keep the court informed of their current address. If your address changes while your lawsuit is being litigated, you must immediately inform the court of the change in writing. By signing and submitting the complaint form, you agree to provide the Clerk's Office with any changes to your address where case-related papers may be served, and you acknowledge that your failure to keep a current address on file with the Clerk's Office may result in dismissal of your case.

*Michael Lynch*
Signature of Plaintiff

09-13-2024
Date


```
Procedural History to confirm effort and completion of the
Administrative Remedy (BOP)  process completed. Exhibit E
```



-Legal Mail-

Lynch, Michael D.
Fed. No. 76039-004
F.C.I. Big Spring
1900 Simler Ave.
Big Spring, Texas  79720

MIDLAND TX 797
MON 16 SEP 2024 PM

Office of the Clerk
United States District court
Sylvia H. Rambo United States Courthouse
1501 North 6th Street, Suite 101
Harrisburg, PA  17102

-Legal Mail-

RECEIVED
HARRISBURG, PA
SEP 20 2024
PER _____
DEPUTY CLERK