GMK:RDL:sms

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. LYNCH,** | **:** | **No. 1:23-CV-01167** |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **(Conner, J.)** |
| | **:** | |
| **WARDEN THOMPSON,** *et al.*, | **:** | |
| **Defendants.** | **:** | **Filed Electronically** |

## <u>BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT</u>

Gerard M. Karam
United States Attorney

<u>/s/ Ryann D. Loftus</u>
Ryann D. Loftus
Assistant United States Attorney
PA 319379
Stacey M. Spring
Paralegal Specialist
235 N. Washington Ave.
Scranton, PA 18503
Tel: (570) 348-2800
Fax: (570) 348-2037
Ryann.Loftus@usdoj.gov

**<u>TABLE OF CONTENTS</u>**

I.      PROCEDURAL HISTORY ........................................................................2

II.     FACTUAL BACKGROUND ....................................................................4

III.    QUESTIONS PRESENTED ......................................................................7

IV.     LEGAL STANDARDS .............................................................................7

V.      ARGUMENT...........................................................................................10

   A. This Court should dismiss or enter judgment in Defendant's
      favor because Lynch failed to satisfy the PLRA requirement of
      exhausting his administrative remedies ..............................................10

   B. This Court should dismiss or enter judgment in Defendant's
      favor because Lynch's Amended Complaint fails to allege a
      physical injury as required by the Prison Litigation Reform Act
      (PLRA), 42 U.S.C. § 1997e(e) ............................................................16

   C. This Court should dismiss or enter judgment in Defendant's
      favor because Lynch's Amended Complaint fails to set forth a
      plausible Eighth Amendment claim ....................................................18

VI.     CONCLUSION .......................................................................................23

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alexander v. Hawk*,
    159 F.3d 1321 (11th Cir. 1998) ..........................................................................17
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)............................................................................................9
*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................. 8, 21, 22
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................ 8, 9, 21, 22
*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
    403 U.S. 388 (1971).............................................................................................2
*Blair v. Scott Specialty Gases*,
    283 F.3d 595 (3d Cir. 2002) ...........................................................................10
*Booth v. Churner*,
    532 U.S. 731 (2001)..........................................................................................10
*Brown v. Croak*,
    312 F.3d 109 (3d Cir. 2002) ...........................................................................11
*Camp v. Brennan*,
    219 F.3d 279 (3d Cir. 2000) ...........................................................................12
*CNA v. United States*,
    535 F.3d 132 (3d Cir. 2008) .............................................................................8
*Constitution Party of Pennsylvania v. Aichele*,
    757 F.3d 347 (3d Cir. 2014) .............................................................................8
*Dawes v. Walker*,
    239 F.3d 489 (2d Cir. 2001) ...........................................................................17
*Ellison v. Scheipe*,
    570 F. Supp. 1361 (E.D. Pa 1983)...............................................................21
*Estelle v. Gamble*,
    429 U.S. 97 (1976)............................................................................................20
*Farmer v. Brennan*,
    511 U.S. 825 (1994)..........................................................................................20
*Farmer v. Carlson*,
    685 F. Supp. 1335 (M.D. Pa 1988).............................................................21

*Fortes v. Harding*,
   19 F. Supp. 2d 323 (M.D. Pa. 1998) ...................................................................11

*Fuentes v. Wagner*,
   206 F.3d 335 (3d Cir. 2000) ...........................................................................19

*Harris v. Gardner*,
   190 F.3d 1279 (11th Cir. 1999) ......................................................................17

*In re Schering Plough Corp. Intron*,
   678 F.3d 235 (3d Cir. 2012) .............................................................................8

*Inmates of the Allegheny Cnty. Jail v. Pierce*,
   612 F.2d 754 (3d Cir. 1979) ............................................................. 20, 21, 22

*Jones v. Bock*,
   549 U.S. 199 (2007) ........................................................................................13

*Jones v. United Parcel Serv.*,
   214 F.3d 402 (3d Cir. 2000) ...........................................................................10

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ..........................................................................................7

*Mala v. Crown Bay Marina, Inc.*,
   704 F.3d 239 (3d Cir. 2013) ...........................................................................18

*Mitchell v. Horn*,
   318 F.3d 523 (3d Cir. 2003) .............................................................. 16, 17, 18

*Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*,
   834 F.2d 326 (3d Cir. 1987) .............................................................. 19, 20, 22

*Nyhuis v. Reno*,
   204 F.3d 65 (3d Cir. 2000) .............................................................................11

*Pearson v. Prison Health Serv.*,
   850 F.3d 526 (3d Cir. 2017) ...........................................................................21

*Pena–Ruiz v. Solorzano*,
   281 Fed. Appx. 110 (3d Cir. 2008) .................................................................12

*Pineda-Morales v. DeRosa*,
   2005 WL 1607276 (D.N.J. July 6, 2005) ........................................................12

*Porter v. Nussle*,
   534 U.S. 516 (2002) ........................................................................................11

*Ray v. Kertes*,
   285 F.3d 287 (3d Cir. 2002) ...........................................................................13

*Rinaldi v. United States*,
   904 F.3d 257 (3d Cir. 2018) ...........................................................................12

*Sharpe v. Costello*,
   289 F. App'x 475 (3d Cir. 2008) ......................................................... 13, 14, 15

*Spruill v. Gillis*,
   372 F.3d 218 (3d Cir. 2004) .............................................................. 11, 12

*Thulen v. American Federation of State County and Municipal Employees New Jersey Council*,
    844 F. App'x 515 (3d Cir. 2021) ............................................................7
*Whitley v. Albers*,
    475 U.S. 312 (1986) .............................................................. 18, 19
*Williams v. Runyon*,
    130 F.3d 568 (3d Cir. 1997) ...........................................................13
*Willis v. UPMC Children's Hosp. of Pittsburgh*,
    808 F.3d 638 (3d Cir. 2015) ............................................................9
*Wilson v. Seiter*,
    501 U.S. 294 (1994) .............................................................. 18, 19
*Woodford v. Ngo*,
    126 S.Ct. 2378 (2006) ...............................................................11

## Statutes

42 U.S.C. § 1997e(a) .....................................................................10
42 U.S.C. § 1997e(e) .......................................... i, 2, 3, 7, 16, 18

## Rules

Fed. R. Civ. P. 12(b)(1) ..................................................................7
Fed. R. Civ. P. 12(b)(6) ...............................................................8, 18
Fed. R. Civ. P. 56(a) ....................................................................9

## Regulations

28 C.F.R. §542.13(a) .....................................................................12
28 C.F.R. §542.14 ................................................................ 12, 13, 15
28 C.F.R. §542.15(a) .....................................................................12
28 C.F.R. §§ 542.10-542.19 ........................................................ 12, 14

Plaintiff Michael Lynch (Lynch), a federal inmate, filed this Amended Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against Defendant Dr. Eryn Siddall (Dr. Siddall). (Doc. 34, Am. Compl.)  Lynch's Amended Complaint should be dismissed or, alternatively, summary judgment should be entered in Dr. Siddall's favor because Lynch failed to satisfy the Prison Litigation Reform Act (PLRA) requirement of exhausting his administrative remedies before commencing this lawsuit. Additionally, Lynch does not allege a physical injury as required by the PLRA, 42 U.S.C. § 1997e(e).  Moreover, even if this Court were to excuse Lynch's failure to exhaust his administrative remedies – which it should not – Dr. Siddall is still entitled to dismissal because Lynch has failed to state a viable Eighth Amendment deliberate indifference claim.  Accordingly, this Court should grant the Motion to Dismiss, or, alternatively, enter summary judgment in favor of Dr. Siddall.

## I.    PROCEDURAL HISTORY

Lynch initiated this action on July 13, 2023, when he filed a Complaint alleging various *Bivens* claims against Dr. Siddall and nine other defendants.  (Doc. 1.)  Lynch's original complaint related to events that transpired between March 14, 2022, and March 15, 2022; and between an April 14, 2022, use-of-force incident and

April 15, 2022, when he received a disciplinary incident report for attempting self-harm. (*Id.* at 8-13.[1])

All original Defendants moved for dismissal and/or for summary judgment. (Docs. 13, 19, 20.) On August 22, 2024, this Court issued a Memorandum and Order dismissing all *Bivens* claims asserted in the Complaint. (Doc. 32, 33.) All claims except the claim against Dr. Siddall were dismissed with prejudice. (Doc. 32.) Lynch was permitted to amend his complaint against Dr. Siddall. (*Id.*)

On September 20, 2024, Lynch filed his Amended Complaint. (Doc. 34.) Therein, Lynch alleges that Dr. Siddall failed to treat his psychological symptoms following the assault and use of force incident. (*Id.* at 2.) Lynch also contends that Dr. Siddall's psychological report contradicts the DHO report. (*Id.*) Lynch further alleges that Dr. Siddall violated his civil rights by delaying or denying access to medical care by not referring Lynch to an emergency room, physician, or specialist for diagnosis of his psychological issues. (*Id.*) Lynch incorporated by reference his exhibit titled "Supporting of Facts". (*Id.* at 1-2.)[2] Lynch asserts that his "Supporting of Facts" documents his effort to reach out to Dr. Siddall for help from the psychology department. (*Id.* at 2.) The only reference to Dr. Siddall in Lynch's statement of supporting facts is at Paragraph 21:

---

[1] All pinpoint citations refer to the page numbers generated by the CM/ECF system.
[2] Lynch's "Supporting of Facts" is the exact same document he filed in support of his original complaint. (*See* Doc. 1 at p. 8-13.)

> Dr. Siddall, was told [repeatedly] by me, of my situation, and assault, but refused to help me! She is a doctor, and in authority to request safe housing for me, but she refused, and said, "there is nothing I can do". This is clearly unprofessional, and a violation of what ever oath she took, as a doctor, to provide unbiased or unprejudicial care. I believe, that she should be investigated, to see how she has handled other similar situations, and perhaps, charges be placed on her, and terminated!

(Doc. 34-3 at 5-6.)

Lynch further states that Dr. Siddall was given a "cop-out" on July 25, 2022, and references Exhibit A to his Amended Complaint. (Docs. 34 at 2; 34-1.)

On October 4, 2024, Defendant filed a Motion to Dismiss and/or Motion for Summary Judgment. (Doc. 35.) After an extension of time, Defendant now files this brief in support concurrently with a statement of material facts and exhibits.

## II.    FACTUAL BACKGROUND

### A.    Lynch's Incarceration History

Lynch is serving a 292-month sentence imposed by the United States District Court for the Southern District of Florida for transmission of child pornography and use of the internet to entice a minor to engage in sexual activity. (Defendant's Statement of Material Facts (SMF) ¶ 1.) His expected release date is November 14, 2029. (SMF ¶ 2.) Lynch was incarcerated at the Low Security Correctional Institution Allenwood (LSCI Allenwood) in White Deer, Pennsylvania from June 18, 2018, to May 31, 2022; he is currently incarcerated at the Federal Correctional Institution Big Spring (FCI Big Spring) in Big Spring, Texas. (*Id.* ¶ 3.)

**B.     Administrative Remedies**

The BOP maintains a computerized index of all administrative remedies and appeals filed by inmates in its SENTRY database that includes identification numbers, dates received, a description of the issues, a response date, the status and status code. (SMF ¶¶ 4-5.) Lynch's Administrative Remedy Generalized Retrieval shows that he had filed 12 administrative remedies since March 2022, when the events alleged in his Amended Complaint began. (*Id.* ¶ 6-7.) Of those 12 administrative remedies, Remedy ID Nos. 1121499-R1, 1121499-A1, 1151355-R1, and 1151355-A1 potentially relate to the allegations of the Amended Complaint. (*Id.* ¶ 8.)

On May 12, 2022, Lynch filed Remedy ID No. 1121499-R1, his appeal of the DHO decision. (*Id.* ¶ 10.) On May 25, 2022, the BOP Regional Office rejected Remedy ID No. 1121499-R1 with instructions to refile a corrected appeal to the South-Central Regional Office. (*Id.* ¶ 11.) On August 15, 2022, the BOP Central Office received Lynch's appeal of Remedy ID No. 1121499-R1. (*Id.* ¶ 12.) On August 22, 2022, the Central Office concurred with the Regional Office's decision and rejected Remedy ID 1121499-A1. (*Id.* ¶ 13.)

Both Remedy ID Nos. 1151355-R1 and 1151355-A1 have an abstract description of "STAFF COMPLAINT 3-14-22, 3-20-22 at Allenwood Low Federal Correctional Institution (ALF). (SMF ¶ 15.) The Regional Office received Remedy

ID No. 1151355-R1 on December 27, 2022.  (*Id.* ¶ 16.)  On February 14, 2023, the Regional Office rejected Remedy ID No.1151355-R1 based on Lynch's failure to file the required BP-9 with the warden of the local institution.  (*Id.* ¶ 17.)  The Central Office received Remedy ID No. 1151355-A1 on March 23, 2023.  (*Id.* ¶ 18.) On April 24, 2023, the Central Office rejected Remedy ID No. 1151355-A1, concurring with the rejection rationale from the Regional Office.  (*Id.* ¶ 19.)

None of the remedies filed by Lynch which could concern the issues raised in his Amended Complaint were exhausted through the entirety of the administrative remedy process because there is no final denial from the Central Office.  (*Id.* ¶ 20.)

## C.    Lynch's Disciplinary History

On April 28, 2022, Lynch had a Disciplinary Hearing Officer (DHO) hearing related to an April 14, 2022, self-harm incident. (SMF ¶ 21.) The DHO report indicates that Lynch had a nose around his neck but flushed it down the toilet prior to staff recovery. (*Id.* ¶ 22.)  The DHO found Lynch guilty and sanctioned him with the loss of Good Conduct Time and other sanctions.  (*Id.* ¶ 23.) Lynch received the DHO report on May 5, 2022.  (*Id.* ¶ 24.)

## III.    QUESTIONS PRESENTED

A.    Whether this Court should dismiss or enter judgment in Defendant's favor because Lynch failed to satisfy the PLRA requirement of exhausting his administrative remedies before filing suit?

B.    Whether this Court should dismiss or enter judgment in Defendant's favor because Lynch's Amended Complaint fails to allege a physical injury as required by the PLRA, 42 U.S.C. § 1997e(e)?

C.    Whether this Court should dismiss Lynch's Amended Complaint because he fails to set forth a plausible Eighth Amendment claim?

**Suggested Answers:** In the affirmative.

## IV.    LEGAL STANDARDS

A.    **Dismissal – Fed. R. Civ. P. 12(b)(1)**

Motions filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," only possessing the power authorized by the Constitution and statutes. *Thulen v. American Federation of State County and Municipal Employees New Jersey Council*, 844 F. App'x 515, 518 (3d Cir. 2021) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As a starting point for this analysis, a district court should assume that it lacks subject matter jurisdiction, and the party asserting the claim bears the burden of establishing that subject matter jurisdiction exists. *See Kokkonen*, 511 U.S. at 377.

7

A motion to dismiss for lack of subject matter jurisdiction may be either facial or factual. *Constitution Party of Pennsylvania v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). A facial challenge to subject matter jurisdiction presumes that the complaint contains insufficient allegations to invoke federal jurisdiction. *Id.* at 358. A factual challenge is "an argument that there is no subject matter jurisdiction because the facts of the case… do not support the asserted jurisdiction." *Id.* Under the latter theory, the district court must not accept the facts in the complaint as true and may consider extrinsic evidence. *Id.* "In sum, a facial attack 'contests the sufficiency of the pleadings,' 'whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" *Id.* (quoting *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012) and *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008), respectively). Here, Dr. Siddall presents both facial and factual attacks to the jurisdiction of this Court.

**B.      Dismissal – Fed. R. Civ. P. 12(b)(6)**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, the complaint must do more than plead facts that are "'merely consistent with' a defendant's liability." *Id.*, quoting *Twombly*, 550 U.S. at 557. To avoid dismissal, the complaint must contain "factual

8

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating a complaint, although a court must accept factual allegations as true, a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" or asserts simply "an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555, 557). Additionally, a court may disregard a complaint's legal assertions—"[a] pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## C. Summary Judgment

Summary judgment is appropriate when admissible record evidence, such as facts contained in declarations and other documents, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That is, a court should grant the motion if a reasonable jury could not return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In opposing summary judgment, "the nonmoving party must identify facts in the record that would enable them to make a sufficient showing on essential elements of their case for which they have the burden of proof." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015). "[A] plaintiff cannot rely on

unsupported allegations but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). He cannot satisfy this burden with an affidavit or declaration that sets forth "opinions or conclusions" rather than "specific facts." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 608 (3d Cir. 2002) (internal quotation marks omitted).

## V.    ARGUMENT

**A.    This Court should dismiss or enter judgment in Defendant's favor because Lynch failed to satisfy the PLRA requirement of exhausting his administrative remedies.**

The Prison Litigation Reform Act of 1995 (PLRA) requires Lynch to present his claims through the BOP's administrative grievance process prior to filing suit. In this case, Lynch failed to properly exhaust his claim. Consequentially, his claim against Dr. Siddall cannot proceed.

The PLRA specifically provides "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statute makes exhaustion a precondition to a federal prisoner filing a *Bivens* suit. Congress has mandated exhaustion regardless of the relief offered through administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Moreover, it is well established that the PLRA "completely precludes a futility exception to its mandatory exhaustion requirement." *Nyhuis v. Reno*, 204 F.3d 65, 71 (3d Cir. 2000). "'[I]t is beyond the power. . . of any . . [court] to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy, or any other basis.'" *Id.* at 73 (citations omitted.) *See also*, *Brown v. Croak*, 312 F.3d 109, 112 (3d Cir. 2002) (citing *Nyhuis*, 204 F.3d at 75) ("There is no futility exception to the exhaustion requirement.").

Further, the Supreme Court has held the PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006); *Spruill v. Gillis*, 372 F.3d 218, 227-32 (3d Cir. 2004); *Nyhuis*, 204 F.3d at 77-78.

In *Porter v. Nussle*, 534 U.S. 516 (2002), a unanimous Court again emphasized the mandatory nature of the PLRA exhaustion requirement, applying it broadly to "all inmate suits about prison life." *Id.* at 532; *Fortes v. Harding*, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998) (holding that inmates are required to exhaust their "available administrative remedies prior to initiating a prison conditions case brought pursuant to 42 U.S.C. § 1983 or any other federal law"). Additionally, the United States Court of Appeals for the Third Circuit has rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to

11

exhaust." *Pena–Ruiz v. Solorzano,* 281 F. App'x 110, 113 (3d Cir. 2008).

The administrative procedures of the prison's administrative remedy process supply the measure of exhaustion for an inmate's claims. *Spruill,* 372 F.3d at 231; *See also Pineda-Morales v. DeRosa,* 2005 WL 1607276, *4 (D.N.J. July 6, 2005) ("The yardstick for exhaustion…is defined by the grievance procedures of the institution."). The BOP has a multi-tiered administrative process for an inmate to seek review of any aspect of his confinement. An inmate must initially attempt informal resolution of the matter. 28 C.F.R. §542.13(a). If informal resolution fails, the inmate may then present the issue to the warden (the institution) within 20 days of the events giving rise to the complaint. 28 C.F.R. §542.14. If dissatisfied with the warden's response, the inmate may appeal to the Regional Office within 20 days. 28 C.F.R. §542.15(a). If dissatisfied with the Regional Office's response, the inmate may appeal to the Central Office within 30 days. 28 C.F.R. §542.15(a). An appeal to the Central Office is the final administrative appeal. *Id.* Administrative claims are fully exhausted only when they "'have been fully examined on the merits' and 'at the highest level.'" *Rinaldi v. United States*, 904 F.3d 257, 271 (3d Cir. 2018) (quoting *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir. 2000)).

Similarly, inmate appeals of DHO decisions also demand compliance with a similar administrative remedy process. To appeal a DHO decision, an inmate must complete a two-step administrative remedy program. 28 C.F.R. §§ 542.10-542.19.

The first step requires the inmate to file an appeal with the Regional Director for the region where the inmate is currently located within 20 days of the DHO's decision. 28 C.F.R. § 542.14. If the appeal is denied in step one, the second step requires the inmate to appeal to the Central Office within 30 days. *Id.* No administrative appeal is considered fully exhausted until a decision is reached on the merits by the BOP's Central Office. *See Sharpe v. Costello*, 289 F. App'x 475, 478 (3d Cir. 2008).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. *See Jones v. Bock,* 549 U.S. 199, 216 (2007). *See also Ray v. Kertes,* 285 F.3d 287 (3d Cir. 2002) (holding that a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, pursuant to the standards announced in *Williams v. Runyon,* 130 F.3d 568, 573 (3d Cir. 1997), it is the defendant's burden to plead and prove non-exhaustion. Here, Defendant meets that burden.

In this case, Lynch did not properly exhaust his *Bivens* claim. Lynch's Administrative Remedy Generalized Retrieval demonstrates that since March 2022, Lynch filed 12 administrative remedies. (SMF ¶ 7.) Of those, only Remedy ID Nos. 1121499-R1, 1121499-A1, 1151355-R1, and 1151355-A1 potentially relate to the allegations of the Amended Complaint. (*Id.* ¶ 8.)

Remedy ID Nos. 1151355-R1 and 1151355-A1 share the abstract description of "STAFF COMPLAINT 3-14-22, 3-20-22 @ ALF." (SMF ¶ 15.) The Regional

Office received Remedy ID No. 1151355-R1 on December 27, 2022.  (*Id.* ¶ 16.)

On February 14, 2023, the Regional Office rejected Remedy ID: 1151355-R1 for

failure to file the required BP-9 with the warden of the local institution.  (*Id.* ¶ 17.)

The Central Office received Remedy ID No. 1151355-A1 on March 23, 2023.  (*Id.*

¶ 18.)  The Central Office rejected Remedy ID No. 1151355-A1 on April 24, 2023,

concurring with the rejection rationale from the Regional Office.  (*Id.* ¶ 19.)  None

of the remedies related to the Amended Complaint were exhausted through the

entirety of the administrative remedy process. (*Id.* ¶ 20.)

To the extent Lynch attempts to implicate Dr. Siddall's involvement in his

DHO appeal, he similarly failed to exhaust that decision.  (*See* Doc. 34 at 2.)  Lynch

filed a DHO appeal to the Regional Office on May 12, 2022.  (SMF ¶ 10.)  On

May 25, 2022, the BOP Regional Office rejected Remedy ID No. 1121499-R1

because page four of the filing was illegible and instructed Lynch to refile his

corrected appeal to the South-Central Regional Office.  (*Id.* ¶ 11.)  Lynch attempted

to pursue the rejection of his DHO appeal to the BOP Central Office.  (*Id.* ¶ 12.)  The

BOP Central Office concurred with the Regional Office's decision and rejected

Remedy ID 1121499-A1.  (*Id.* ¶ 13.)  Lynch did not file a subsequent DHO appeal.

(*Id.* ¶ 14.)  Therefore, Lynch failed to file and exhaust through all required levels a

properly filed DHO appeal.  *See* 28 C.F.R. §§ 542.10-542.19; *Sharpe*, 289 F. App'x

at 478.

Moreover, while Lynch preemptively asserts that he exhausted his claims, his attached documentation demonstrates otherwise. (Doc. 34-5.)   Lynch's lawsuit alleges Dr. Siddall failed to properly diagnose or treat his psychological issues such that her conduct amounts to Eighth Amendment violation. (*See generally*, Doc. 34.) Lynch also contends that Dr. Siddall's psychological report contradicts the DHO report. (*Id.*)   The contextual incidents on which Lynch relies relate to Lynch's placement in the SHU on March 14, 2022; a March 20, 2022, altercation with his cellmate; and an April 14, 2022, use of force incident in which BOP staff deployed OC spray to stop Lynch from self-harm, which also resulted in Lynch receiving DHO sanctions. (*See* Doc. 34-3.)   Lynch's documentation reflects that his BP-8 and BP-9, dated July 26, 2022, and October 11, 2022, respectively, were not only untimely,[3] but also not properly filed with his local institution. (Doc. 34-5 at 36.) Lynch was in custody of LSCI Allenwood from June 18, 2018, to May 31, 2022. (SMF at ¶ 3.)   Lynch arrived at FCI Big Spring, where he is currently confined, on June 22, 2022. (*Id.* ¶ 3.)   Thus, Lynch did not timely file his administrative remedies

---

[3] Pursuant to 28 C.F.R. §542.14, an inmate has 20 days from the date on which the basis for the request occurred to complete the informal resolution and submit a formal written Administrative Remedy Request to the warden. Lynch's attachments show that even his attempt to exhaust was untimely. July 26, 2022, is 134 days from March 14, 2022, 128 days from March 20, 2022, and 103 days from April 14, 2022. October 11, 2022, is 211 days from March 14, 2022, 205 days from March 20, 2022, and 180 days from April 14, 2022.

while at LSCI Allenwood and his untimely filing was not made with his local institution.

Similarly, Lynch's allegation that Dr. Siddall was given a "cop out" also known as a BP-8 informal request to staff, on July 25, 2022, is contradicted by his facility history. (Docs. 34 at 2; 34-1.) Again, Lynch was at FCI Big Spring on July 25, 2022, and could not have given Dr. Siddall, an employee at LSCI Allenwood, his BP-8 on that date. (SMF ¶ 3.) Moreover, the mere presentation of a BP-8 does not satisfy the exhaustion requirement. *See* 28 C.F.R. §542.13(a)-542.15.

As such, this Court should dismiss or enter judgment in favor of Dr. Siddall without addressing the merits of Lynch's claims because he failed to exhaust his administrative remedies concerning his claim of deliberate indifference against Dr. Siddall.

**B.** **This Court should dismiss or enter judgment in Defendant's favor because Lynch's Amended Complaint fails to allege a physical injury as required by the PLRA, 42 U.S.C. § 1997e(e).**

"No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e).

"[U]nlike physical injuries, emotional injuries are inherently difficult to verify and therefore tend to be concocted for frivolous suits." *Mitchell v. Horn*, 318 F.3d

523, 535 (3d Cir. 2003) (citing *Dawes v. Walker*, 239 F.3d 489, 496 (2d Cir. 2001)).

*In Mitchell*, the Third Circuit observed:

> We believe that reading 1997e(e) to allow a plaintiff to allege any physical injury, no matter how minor, would produce an unintended (indeed absurd) result. Were we not to read 1997(e) as requiring more than a de minimis physical injury, we would turn its physical injury prerequisite into a mere pleading requirement, thereby rendering the requirement meaningless as a practical matter. Another prisoner might be able to assert an emotional injury by pleading that he received a paper cut, for example. This result runs counter to Congress's intent "to curtail frivolous and abusive prisoner litigation."

318 F.3d at 535 (quoting *Harris v. Gardner*, 190 F.3d 1279, 1286 (11th Cir. 1999);

*Alexander v. Hawk*, 159 F.3d 1321, 1324 (11th Cir. 1998)).

The Third Circuit requires a "less-than-significant-but-more-than-de minimis physical injury" as a predicate to allegations of emotional injury. *Id.* 318 F.3d at 536. Here, Lynch's Amended Complaint does not assert any physical injury related to Dr. Siddall's alleged conduct. (*See generally*, Doc. 34.) Lynch only asserts psychological harm related to the alleged conduct of Dr. Siddall. (Doc. 34 at 4.) Indeed, the medical records attached to Lynch's Amended Complaint assert de minimis physical injuries caused by an altercation with his cellmate not from the conduct of Dr. Siddall. (*See* Doc. 34-4.) Similarly, Lynch alleges the residual emotional effects following the use of force incident that his episode of self-harm precipitated for which he alleges Dr. Siddall inadequately provided psychological

aftercare.  (*Id.*)  Therefore, the Complaint should be dismissed. *See* 42 U.S.C. § 1997e(e).

**C.    This Court should dismiss or enter judgment in Defendant's favor because Lynch's Amended Complaint fails to set forth a plausible Eighth Amendment claim.**

Even when construed liberally[4], Lynch's Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted against Dr. Siddall.  Alternatively, summary judgment should be entered in favor of Dr. Siddall because Lynch simply cannot demonstrate an Eighth Amendment violation against Dr. Siddall.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  The Supreme Court has held that the amendment can apply "to some deprivations that were not specifically part of the sentence but were suffered during imprisonment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1994). But "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny . . . ." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, to establish an Eighth Amendment claim relating to treatment in prison, an inmate must make two showings, one objective and one subjective.

---

[4]  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d Cir. 2013) (courts are obligated to liberally construe pro se pleadings and other submissions, particularly when dealing with imprisoned pro se litigants).

First, the inmate must demonstrate that the alleged deprivation is "sufficiently serious to fall within the Eighth Amendment's zone of protections." *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000). A medical need is "sufficiently serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotation marks omitted). A medical need may also qualify "where the denial or delay in the provision of adequate medical care" results in "unnecessary and wanton infliction of pain" or "causes an inmate to suffer a life-long handicap or permanent loss." *Id.* (internal quotation marks omitted).

Second, the inmate must also make a subjective showing that the defendant prison officials "act[ed] with a sufficiently culpable state of mind." *Wilson*, 501 U.S. at 298. It is well-established that negligence does not suffice. *See id.* at 305. "[O]nly the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley*, 475 U.S. at 319 (internal quotation marks omitted). In other words, "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.*

The precise contours of the state-of-mind inquiry depend on the particular Eighth Amendment claim asserted. *See Wilson*, 501 U.S. at 302. Where, as here,

an inmate alleges that the provision or lack of medical care violated the Eighth Amendment, he must establish that medical personnel were deliberately indifferent to the alleged serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Acting with deliberate indifference is equivalent to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). More specifically, to be held liable, an official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106.

The deliberate-indifference standard "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems in inmate patients." *Inmates of the Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). "[M]ere allegations of malpractice do not raise issues of constitutional import. Nor does mere disagreement as to the proper medical treatment support a claim of an [E]ighth [A]mendment violation." *Lanzaro*, 834 F.2d at 346. As a result, "[c]ourts will disavow any attempt to second-guess the propriety or adequacy of a

particular course of treatment." *Pierce*, 612 F.2d at 762 (internal quotation marks omitted).

"When medical care is provided, [courts] presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, the federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law. *See Ellison v. Scheipe*, 570 F. Supp. 1361, 1363 (E.D. Pa 1983); *Inmate of Allegheny Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). The key question is whether the defendant has provided the plaintiff with some type of treatment, regardless of whether it is what the plaintiff desired. *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa 1988).

Here, Lynch alleges that Dr. Siddall's purported failure to diagnose his mental health issues and refer him to specialists was a breach of the standard of care for a psychologist and that he believes he now has post-traumatic stress disorder. (Doc. 34.) These conclusory allegations fall short of stating a claim, constituting nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," *Iqbal*, 556 U.S. at 678, "labels and conclusions, and a formulaic recitation of the elements," *Twombly*, 550 U.S. at 555. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

at 556) ("The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully").    At most, Lynch's claim amounts to a mere disagreement at the treatment provided. Such assertions fail to state a cognizable claim for deliberate indifference to a serious risk of harm by a medical professional. *See Lanzaro*, 834 F.2d at 346; *Pierce,* 612 F.2d at 762.  Simply stated, Lynch alleged no facts to "state a claim to relief that is plausible on its face" or rise "above the speculative level." *See Iqbal*, 556 U.S. at 663; *see also Twombly*, 550 U.S. at 555.

Because Lynch's conclusory and threadbare allegations are simply insufficient to support a deliberate indifference claim against Dr. Siddall and are insufficient to state a plausible claim for relief, the Amended Complaint should be dismissed.

# VI.    CONCLUSION

For the above-stated reasons, Defendant, Dr. Eryn Siddall, respectfully requests that this Court grant her motion to dismiss, or, alternatively, her motion for summary judgment.

Respectfully submitted,

Gerard M. Karam
United States Attorney

/s/ Ryann D. Loftus
Ryann D. Loftus
Assistant United States Attorney
PA 319379
Stacey M. Spring
Paralegal Specialist
235 N. Washington Ave.
Scranton, PA 18503
Tel: (570) 348-2800
Fax: (570) 348-2037
Date:  November 15, 2024        Ryann.Loftus@usdoj.gov

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. LYNCH,** | : | **No. 1:23-CV-01167** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Conner, J.)** |
| | : | |
| **WARDEN THOMPSON,** *et al.*, | : | |
| **Defendants.** | : | **Filed Electronically** |

## <u>CERTIFICATE OF SERVICE BY MAIL</u>

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on November 15, 2024, she served a copy of the attached

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

**Addressee:**
Michael D. Lynch
Reg. No.: 76039-004
FCI Big Spring
Federal Correctional Institution
1900 Simler Ave.
Big Spring, TX 79720

/s/ Stacey M. Spring
Stacey M. Spring
Paralegal Specialist