JCG:RDL:sms

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. LYNCH,** | : | No. 1:23-CV-01167 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Neary, J.) |
| | : | |
| **WARDEN THOMPSON,** *et al.***,** | : | |
| Defendants. | : | **Filed Electronically** |

## BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

    Defendant Dr. Eryn Siddall (Dr. Siddall) files this reply brief in further support of her Motion to Dismiss and/or for Summary Judgment and to address certain matters raised by Plaintiff Michael Lynch (Lynch) in opposition to Dr. Siddall's motion. The Court should dismiss the Amended Complaint or, alternatively, enter summary judgment in favor of Dr. Siddall for the reasons set forth in her brief in support and below, as Lynch again failed to present sufficient legal argument or produce any evidence to oppose dismissal or summary judgment.

I.   **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Lynch, an inmate currently confined at Federal Correctional Institution Thomson (FCI Thomson)[1] in Thomson, Illinois, filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) concerning events transpiring between March 14, 2022, and April 15, 2022, while Lynch was incarcerated at the Federal Correctional Institution Allenwood (FCI Allenwood). (*See* Doc. 1.)

Lynch's original complaint was filed against Dr. Siddall and nine other defendants and related to events that transpired between March 14, 2022, and March 15, 2022; and between an April 14, 2022, use-of-force incident and April 15, 2022, when he received a disciplinary incident report for attempting self-harm. (*Id.* at 8-13.)[2]

All original Defendants moved for dismissal and/or for summary judgment. (Docs. 13, 19, 20.) On August 22, 2024, this Court issued a Memorandum and Order dismissing all *Bivens* claims asserted in the Complaint. (Doc. 32, 33.) All claims except the claim against Dr. Siddall for deliberate indifference related to medical

---

[1] At the time Lynch filed his Amended Complaint, he was in custody at FCI Big Spring, in Big Spring Texas. (Doc. 34.) He was since transferred to FCI Thomson.
[2] All pinpoint citations refer to the page numbers generated by the CM/ECF system.

care were dismissed with prejudice. (Doc. 32.) Lynch was permitted to amend his claim of deliberate indifference to serious medical needs against Dr. Siddall. (*Id.*)

On September 20, 2024, Lynch filed his Amended Complaint. (Doc. 34.) Therein, Lynch alleges that Dr. Siddall failed to treat his psychological symptoms following the assault and use of force incident. (*Id.* at 2.) Lynch also contends that Dr. Siddall's psychological report contradicts the Disciplinary Hearing Officer (DHO) report. (*Id.*) Lynch further alleges that Dr. Siddall violated his civil rights by delaying or denying access to medical care by not referring Lynch to an emergency room physician or specialist for diagnosis of his psychological issues. (*Id.*) Lynch incorporated by reference his exhibit titled "Supporting of Facts" wherein he asserts that he reached out to Dr. Siddall for help from the psychology department. (*Id.* at 1-2.)[3] Lynch further states that Dr. Siddall was given a "cop-out" on July 25, 2022, and references Exhibit "A" to his Amended Complaint. (Docs. 34 at 2; 34-1.)

On October 4, 2024, Defendant filed a Motion to Dismiss and/or Motion for Summary Judgment. (Doc. 35.) After an extension of time, Defendant filed her brief in support, statement of material facts, and supporting exhibits on November 15, 2024. (Docs. 42, 43).

---

[3] Lynch's "Supporting of Facts" is the exact same document he filed in support of his original Complaint. (*See* Doc. 1 at 8-13.)

After extensions of time, Lynch filed his brief in opposition (doc. 50) and exhibits (docs. 50-1, 50-2) on May 28, 2025.

Dr. Siddal now files this reply brief.

## II.     REPLY ARGUMENT

Dr. Siddall sought dismissal and/or summary judgment on the following grounds: (1) Lynch failed to satisfy the Prison Litigation Reform Act (PLRA) requirement of exhausting his administrative remedies before commencing this lawsuit; (2) Lynch does not allege a physical injury as required by the PLRA, 42 U.S.C. § 1997e(e); and (3) Lynch failed to state a viable Eighth Amendment deliberate indifference claim.  Lynch's opposition brief does not substantively challenge or address the legal arguments asserted by Dr. Siddall regarding his failure to exhaust his administrative remedies, his failure to meet the PLRA physical injury requirement, or his failure to state or establish an Eight Amendment deliberate indifference claim.  As such, Dr. Siddall relies on and incorporates her brief in support.  Certain issues raised, or not raised, by Lynch, however, warrant brief acknowledgement and/or reply.  Particularly, Lynch failed to provide a numerical paragraph counterstatement of facts as required to oppose summary judgment, and his arguments otherwise lack merit because they rely on bald assertions and dismissed claims.

A.   **Defendant's Statement of Material Facts should be deemed admitted due to Lynch's failure to file a counterstatement in accordance with the Local Rules of Court.**

Lynch failed to file a numerical paragraph counterstatement of material fact as required under Middle District of Pennsylvania Local Rules to oppose summary judgment. Local Rule 56.1 provides that "[t]he papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required" of the moving party. *Id.* The parties' statements of material facts must also include references to the parts of the record that support the statements. *Id.* Finally, M.D. Pa. L.R. 56.1 provides, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.*

Further, "[o]ne cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." *Thimons v. PNC Bank*, M.D., 254 F. App'x 896, 899 (3d Cir. 2007) (citing *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). "[A] party resisting a [summary judgment] motion cannot expect to rely merely upon bare assertions [or] conclusory allegations." *Gans v. Muncy*, 762 F.2d 338, 341 (3d Cir. 1985) (citing *Ness v. Marshall*, 660 F.2d 517, 519 (3d Cir. 1981)). A party who seeks to resist a summary judgment motion cannot rely upon his own interpretation of events or opinion testimony. *See Iseley v. Beard*, No.

5

1:02-CV-2006, 2010 WL 1329995 (M.D. Pa. Mar. 30, 2010) (conclusory allegations contradicted by documentary evidence cannot be accepted as true).

Finally, as also discussed above, a "party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties." *Millhouse v. United States*, No. 19-cv-00665, 2021 WL 2412930, *4 n.3 (M.D. Pa. June 14, 2021) (Kane, J.) (deeming defendants' statement of material facts as undisputed due to *pro se* plaintiff's failure to cite to the record to support denials) (citing *Sanders v. Beard*, No. 09-1384, 2010 WL 2853261, *5 (M.D. Pa. July 20, 2010) (Caputo, J.) (stating that *pro se* parties "are not excused from complying with court orders and the local rules of court"); *Thomas v. Norris*, No. 02-01854, 2006 WL 2590488, *4 (M.D. Pa. Sept. 8, 2006) (Kosik, J.) (explaining that *pro se* parties must follow the Federal Rules of Civil Procedure).

Lynch failed to file a statement of material facts in accordance with Local Rule 56.1, responding to or contradicting any of the Defendant's statements of material fact. Instead, Lynch asserts argument (doc. 50), attaches his previously submitted brief in opposition (doc. 50-1), and attaches a copy of a July 25, 2022, administrative remedy and documents from FCI Thompson regarding lockdowns in 2025, (doc. 50-2). Lynch failed to identify any evidence in the records filed in support of the Defendant's motion, which exceeded 150 pages, to support any denial

of the material facts. Therefore, all material facts are undisputed and should be deemed admitted. M.D. L.R. 56.1; s*ee also* *United States v. Alberto*, No. 18-cv-1014, 2020 WL 730316, *2 (M.D. Pa. Feb. 13, 2020) (Caputo, J.) (concluding that the "[f]ailure to file this [responsive statement of material facts] results in admission of the moving party's statement of facts"). Because all material facts are undisputed, Dr. Siddall is entitled to summary judgment as set forth in her brief in support. (Doc. 43.)

**B.    Lynch failed to exhaust his administrative remedies.**

In deciding a motion to dismiss, a court need not credit "'bald assertions' or 'legal conclusions.'" *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). "To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Once a moving party demonstrates in its motion that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party," *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003), the party in opposition must show sufficient evidence to support a jury verdict in its favor and "do more than simply show that there is some metaphysical doubt as to material facts." *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). If the

7

opposing party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23; s*ee also Jakimas v. Hoffman–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

In response to Dr. Siddall's argument – and evidence – that Lynch failed to satisfy the Prison Litigation Reform Act of 1995 (PLRA) requirement of exhausting his claims through the BOP's administrative grievance process prior to filing suit, Lynch claims that he attempted to exhaust but received no response and that the administrative remedy process was unavailable to him. (Doc. 50 at 2-5.)

As illustrated in Defendant's statement of material facts and moving brief, Lynch failed to timely and properly exhaust the administrative remedy process with regard to claims against Dr. Siddall. (*See* Doc. 42, SMF ¶¶ 6-20 and Doc. 43, Br. in Support at 14-20.) While the burden to plead and prove failure to exhaust rests with the Defendant – which Dr. Siddall did here – the Third Circuit has made clear that "once the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Rinaldi v. United States*, 904 F.3d 257, 268 (3d Cir. 2018).

Lynch first contends, based on his previously submitted brief in opposition, that he attempted to exhaust his administrative remedies but received no response. (*See* Doc. 50 at 3, citing Doc. 50-1.)  Then, citing *Rinaldi*, Lynch argues that the administrative remedy process was unavailable to him because the officers did not provide the forms and that he was subjected to "machinations, misrepresentation, or intimidation." (*Id.*)

Lynch's bald assertions should not be sanctioned as creating a material fact. *See Sanders v. Downs*, No. 3:08-1560, 2012 WL 6929267, *5 (M.D. Pa. Nov. 5, 2012) (Mannion, J.) ("At the summary judgment stage, bald assertions without additional support cannot survive.").  Here, Lynch attempts to create a dispute of material fact with respect to exhaustion by claiming, without support, that correctional officers at FCI Allenwood kept him from filing administrative claims. (Doc. 50 at 3.)  Lynch's Administrative Remedy Generalized Retrieval demonstrates that since March 2022, Lynch filed 12 administrative remedies.  (Doc. 42 ¶ 7.)  Indeed, following an adverse DHO decision that stemmed from the events underlying his Complaint, Lynch appealed to the Regional Office using the administrative remedy process on May 25, 2022, prior to his departure from FCI Allenwood. (*See* Doc. 42 ¶¶ 9-10.)  Then, over six months after his departure from FCI Allenwood, Lynch filed an administrative remedy appeal to the Regional Office

9

and Central Offices regarding staff complaints at FCI Allenwood without filing the requisite forms at the local institution. (*Id.* ¶¶ 15-19.)

Therefore, Lynch's bald and unsupported claim that the administrative remedy process was unavailable to him is belied by the undisputed evidence showing that not only was the administrative remedy process available to Lynch while he was at FCI Allenwood, but that he in fact used it during the time relevant to his complaints.

**C.   Lynch's remaining arguments lack merit.**

Even if Lynch had exhausted his administrative remedies – and he did not – Lynch failed to meaningfully rebut Defendant's argument that he failed to allege a physical injury as required by the PLRA, 42 U.S.C. § 1997e(e), or more significantly, that he failed to and is unable to state a claim of deliberate indifference to serious medical needs in violation of the Eighth Amendment.  Lynch's primary opposition to both of these grounds for dismissal or summary judgment asserts argument relying on a failure to protect claim that was dismissed with prejudice by Judge Conner based on the Third Circuit's decision in *Fisher*. (Docs. 32, 33, and 50 at 5-8); *see also Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  In *Fisher*, the Third Circuit held "there is no implied constitutional damages action against federal officials who fail to protect prisoners from the criminal acts of their fellow inmates." *Fisher*, 115 F.4th at 208.  Lynch's only surviving claim is for deliberate indifference to serious medical needs against Dr. Siddall. (Docs. 32, 33.)

10

In her moving brief, Dr. Siddall argued that this Court should dismiss or enter judgment in Defendant's favor because Lynch's Amended Complaint failed to allege a physical injury as required by the PLRA, 42 U.S.C. § 1997e(e). (Doc. 43.) In response, Lynch claims that the injury he suffered at the hands of a cellmate satisfies the physical injury predicate based on the dismissed failure to protect claim. (Doc. 50 at 7.) Again, Lynch's failure to protect claim was dismissed with prejudice and his claim is only for deliberate indifference to serious medical needs. (Docs. 32, 33.) Further, Lynch does not dispute that he fails to allege a physical injury stemming from Dr. Siddall's asserted failure to adequately treat his mental health conditions. (Doc. 50.) Instead, he claims that he can seek nominal or punitive damages. (*Id.* at 8.) Lynch's Amended Complaint, however, seeks compensatory damages for the residual emotional effects following the use of force incident that his episode of self-harm precipitated for which he alleges Dr. Siddall inadequately provided psychological aftercare. (Doc. 34.) There is no physical injury attached to that claim. Therefore, his claim for compensatory damages is precluded by § 1997e(e) and must be dismissed. With response to nominal and punitive damages, a proper showing of a constitutional violation must be made, which, as discussed below, Lynch has failed to do. See *Allah v. Al-Hafeez*, 226 F.3d 247, 250-52 (3d Cir. 2000).

Here, Lynch's Amended Complaint falls short of stating a cognizable Eighth Amendment violation. (Doc. 34.) As discussed in Defendant's moving brief, where,

as here, an inmate alleges that the provision or lack of medical care violated the Eighth Amendment, he must establish that medical personnel were deliberately indifferent to the alleged serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Acting with deliberate indifference is equivalent to criminal recklessness. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). More specifically, to be held liable, an official must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "[A] complaint that a [health care provider] has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; s*ee also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). Lynch has not, and cannot, state a deliberate indifference to serious medical needs in violation of the Eight Amendment where his claim amounts to a mere disagreement with the treatment decision of a health care provider.

Lynch does not assert that Dr. Siddall refused to evaluate or treat him at all or prevented him from receiving treatment. (Doc. 34.) Lynch acknowledges that Dr. Siddall treated him but takes issue with her diagnosis and treatment. (*Id*.)

Specifically, Lynch's Amended Complaint asserts that Dr. Siddall's purported failure to diagnose his mental health issues and refer him to specialists was a breach of the standard of care for a psychologist and that he suffers an unsupported self-diagnosis of post-traumatic stress disorder. (*Id*.) These allegations, at most, and if established, would amount to negligence. Lynch's opposition, again conclusory in nature, does nothing to overcome that argument. In addition to reframing his allegations as a non-actionable failure-to-protect claim, he asserts Dr. Siddall's alleged failure to treat him as the reason he has not received mental health care at either of his subsequent facilities. (Doc. 50 at 6.) Additionally, while in response to the PLRA physical injury requirement, Lynch's claim that "treatment must include more than placing the inmate in a rubber suit on suicide watch" illustrates, again, that his claim is a mere disagreement with the treatment received following the April 14, 2022, self-harm incident that resulted in Lynch's disciplinary action. (Doc. 42 ¶¶ 21-24.)

For the reasons set forth above and in Defendant's moving brief, Lynch's Amended Complaint should be dismissed or, alternatively, that summary judgment should be entered in favor of Dr. Siddall.

## III. CONCLUSION

For the above-stated reasons, Defendant Dr. Siddall respectfully requests that this Court grant their motion to dismiss, or, alternatively, her motion for summary judgment.

Respectfully submitted,

JOHN C. GURGANUS
Acting United States Attorney

/s/ Ryann D. Loftus
Ryann D. Loftus
Assistant United States Attorney
PA 319379
Stacey M. Spring
Paralegal Specialist
235 N. Washington Ave.
Scranton, PA 18501
Tel: (570) 348-2800
ryann.loftus@usdoj.gov

Date: June 11, 2025

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. LYNCH,** | : | No. 1:23-CV-01167 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Neary, J.) |
| | : | |
| **WARDEN THOMPSON,** *et al.*, | : | |
| Defendants. | : | Filed Electronically |

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers. That on June 11, 2025, she served a copy of the attached

## BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Williamsport, Pennsylvania.

**Addressee:**
Michael D. Lynch
Reg. No.: 76039-004
FCI Thomson
Federal Correctional Institution
P.O. Box 1002
Thomson, Il 61285

/s/ Stacey M. Spring
Stacey M. Spring
Paralegal Specialist