## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL D. LYNCH,** | : | **CIVIL ACTION NO. 1:23-CV-1167** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **DR. SIDDALL,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown</u> <u>Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Following the resolution of an earlier motion to dismiss, the case is proceeding solely on plaintiff's Eighth Amendment deliberate indifference claim against one defendant, Eryn Siddall, a psychologist who was employed at the Allenwood Low Security Correctional Institution ("LSCI-Allenwood") at all relevant times. Siddall has filed a motion to dismiss and/or for summary judgment, and plaintiff has filed a motion to reinstate his original complaint to the extent it asserted tort claims against the United States pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff has additionally moved for a temporary restraining order. Plaintiff's motions will be deemed withdrawn, defendant's motion will be granted, and this case will be dismissed without further leave to amend.

### I.   Procedural History

Plaintiff, Michael D. Lynch, is currently incarcerated in Thompson Federal Correctional Institution in Thomson, Illinois, but was incarcerated in LSCI-

Allenwood at all relevant times. He filed his original complaint on July 10, 2023, asserting Bivens claims against several defendants arising from allegations that defendants assaulted him, failed to protect him from assault by other inmates, and provided him deficient medical care. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner.

On August 22, 2024, Judge Conner granted defendants' motion to dismiss Lynch's complaint. (Docs. 32-33). Judge Conner dismissed the deliberate indifference claim against defendant Siddall without prejudice to Lynch amending the claim, but dismissed all other claims with prejudice, concluding that they were not viable Bivens claims under Ziglas v. Abbasi, 582 U.S. 120 (2017), and its progeny. (Docs. 32-33). Judge Conner acknowledged defendants' argument that the deliberate indifference claim against Siddall also failed to present a cognizable Bivens claim, but held that this question could not be meaningfully considered because the complaint lacked sufficient factual allegations against Siddall to determine the precise nature of the claim. (Doc. 32 at 14). Judge Conner granted Lynch leave to file an amended complaint limited to his deliberate indifference claim against Siddall. (Doc. 33). Lynch timely filed an amended complaint on September 20, 2024. (Doc. 34). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from this court.

According to the amended complaint, Lynch was charged with misconduct and placed in disciplinary proceedings for the misconduct charge in 2022. (Doc. 34 at 2). Siddall provided a psychological assessment for use during the proceedings, which stated that Lynch was competent to face the misconduct charges because he

"showed no mental disease or defect." (<u>Id.</u>) The amended complaint asserts that this finding contradicted the ultimate findings of the disciplinary hearing officer, who purportedly concluded that Lynch was "suicidal" and had "put a homemade noose around [his] neck." (<u>Id.</u>) The amended complaint also asserts that Siddall's assessment failed to consider Lynch's symptoms of anxiety and depression. (<u>Id.</u>) Lynch allegedly "begged" Siddall for "assistance," but Siddall purportedly stated, "there is nothing I can do." (<u>Id.</u>) The amended complaint asserts that the failure to diagnose Lynch with anxiety and depression constituted deliberate indifference to a serious medical need. (<u>Id.</u>) The complaint alleges that since his interaction with Siddall, Lynch has suffered from severe symptoms of anxiety. (<u>Id.</u> at 3-4). Lynch seeks damages. (<u>Id.</u> at 5).

Siddall moved to dismiss the amended complaint, or, alternatively, for summary judgment on October 4, 2024. (Doc. 35). Briefing on the motion is complete, and it is ripe for review. (Docs. 43, 50, 54). On May 28, 2025, Lynch filed a motion to reinstate his original complaint to the extent it asserted an FTCA claim. (Doc. 51). He then filed a motion for temporary restraining order on July 16, 2025, which seeks to enjoin employees at FCI-Thomson to allow him to take appropriate steps to litigate this case. (Doc. 58). He has not filed a brief in support of the motion to reinstate the FTCA claim or the motion for temporary restraining order, and the deadline for doing so has expired under the Local Rules. <u>See</u> M.D. PA. L.R. 7.5.

## II.    <u>Legal Standard</u>[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (quoting <u>Pinker v. Roche Holdings, Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." <u>Mayer v. Belichick</u>, 605 F.3d 223, 230 (3d Cir. 2010) (citing <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Phillips</u>, 515 F.3d at 232 (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. <u>Santiago v. Warminster Township</u>, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to

---

[1] Because the court ultimately grants the motion to dismiss and does not consider Siddall's alternative argument for summary judgment, this section only provides the legal standard applicable to motions to dismiss.

state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III.  Discussion

### A.    Motion to Reinstate and Motion for Temporary Restraining Order

At the outset, Lynch's motion to reinstate an FTCA claim against the United States and his motion for temporary restraining order will be deemed withdrawn. Under Local Rule 7.5, a motion must be deemed withdrawn if the moving party fails to file a supporting brief within fourteen days of filing the motion. M.D. PA. L.R. 7.5. Lynch has failed to file a brief in support of either motion, and more than fourteen days have passed since the motions. Thus, the motions will be deemed withdrawn, and the analysis will proceed to the merits only with respect to the deliberate

indifference claim against defendant Siddall in accordance with Judge Conner's previous ruling.[2]

**B.    Bivens Claims**

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. Bivens, 403 U.S. at 397. In over 50 years since Bivens was decided in 1971, the Supreme Court has extended Bivens only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

Prior to the Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017), lower courts often recognized Bivens claims in contexts other than those

---

[2] Even if the motions were not deemed withdrawn, they would fail on their merits. Lynch's motion to reinstate asserts that Judge Conner erred by failing to liberally construe his original complaint as asserting an FTCA claim against the United States. (Doc. 51). The original complaint, however, did not contain any allegations or statements to suggest that Lynch was filing a claim against the FTCA, and Lynch checked a box indicating that he was filing a suit under Bivens but did not check the adjacent box to indicate that he was filing a suit under the FTCA. (See Doc. 1 at 1). The court does not perceive any error in failing to liberally construe the complaint as asserting an FTCA claim. It appears that the best reading of the complaint was that Lynch was affirmatively *not* suing under the FTCA. (See id.) Lynch's motion for temporary restraining order would also fail because it seeks injunctive relief to govern employees at FCI-Thomson who are not parties to this lawsuit. Moreover, the court's below analysis showing that plaintiff's complaint fails to state a claim indicates that he has not shown a sufficient likelihood of success on the merits to obtain preliminary injunctive relief.

recognized by <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u>. <u>Ziglar</u> and its progeny, however, severely

limit the class of cases in which <u>Bivens</u> may proceed. <u>Ziglar</u> sets forth a two-part

test for determining whether a <u>Bivens</u> claim may proceed. First, courts must

ascertain whether the case presents a "new context." <u>Id.</u> at 138. If the case differs

"in a meaningful way" from previous <u>Bivens</u> cases decided by the Supreme Court,

"then the context is new." <u>Id.</u> at 139. Second, if the case presents a new context, the

court must consider whether "special factors" counsel against extending <u>Bivens</u>. <u>Id.</u>

This inquiry asks whether "the Judiciary is at least arguably less equipped than

Congress to weigh the costs and benefits of allowing a damages action to proceed."

<u>Egbert v. Boule</u>, 596 U.S. 482, 492 (2022) (quoting <u>Ziglar</u>, 582 U.S. at 136). If a court

concludes that "even a single reason" exists to pause "before applying <u>Bivens</u> in a

new context," then special factors counseling hesitation exist and a <u>Bivens</u> remedy

does not lie. <u>Id.</u> (quoting <u>Hernandez v. Mesa</u>, 589 U.S. 93, 102 (2020)).

    The United States Court of Appeals for the Third Circuit has since confirmed

that <u>Ziglar</u> and its progeny "unequivocally narrow[] the universe of relevant cases"

in the <u>Bivens</u> context "to just three," i.e., <u>Bivens</u>, <u>Davis</u>, and <u>Carlson</u>. <u>Fisher v.</u>

<u>Hollingsworth</u>, 115 F.4th 197, 204 (3d Cir. 2024). Under <u>Fisher</u>, "unless a case is

indistinguishable from <u>Bivens</u>, <u>Davis</u>, or <u>Carlson</u>, a damages remedy may be

created by Congress, but not by the courts." <u>Id.</u> at 205.

    In this case, Lynch's only remaining claim asserts that Siddall's failure to

diagnose him with depression and anxiety constitutes deliberate indifference to a

serious medical need. (Doc. 34). The Fourth Amendment claim at issue in <u>Bivens</u>

and the sex discrimination claim at issue in <u>Davis</u> are clearly distinguishable from

this claim. Thus, the only <u>Bivens</u> case that needs to be analyzed is <u>Carlson</u>, where the plaintiff alleged that the defendants were deliberately indifferent to a serious medical need when they failed to treat his asthma, which eventually led to his death. <u>See</u> <u>Carlson</u>, 446 U.S. at 16 n.1. Lynch's claim—which alleges a failure to diagnose depression and anxiety—is meaningfully different from this claim, because it alleges only a failure to provide mental health treatment and not a failure to treat a physical ailment. Extending <u>Carlson</u> to claims asserting failure to provide mental health treatment would greatly expand the scope of <u>Bivens</u> liability. The court accordingly concludes that the claim presents a new context.

Having concluded that the claim presents a new context, the court must determine whether any special factors counsel against extending <u>Bivens</u> to the new context. <u>Fisher</u> controls this analysis. <u>Fisher</u> holds that the BOP's administrative remedy program is a special factor barring extension of <u>Bivens</u>. <u>Fisher</u>, 115 F.4th at 208. Accordingly, because Lynch's deliberate indifference against Siddall presents a new context for <u>Bivens</u> liability and the BOP's administrative remedy program is a special factor counseling against extending <u>Bivens</u>, the claim will be dismissed.

Even if the complaint did present a cognizable <u>Bivens</u> claim, however, the claim would be subject to dismissal for failure to state a claim upon which relief may be granted. To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003) (citing <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed

by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." <u>Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if unnecessary and wanton infliction of pain results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." <u>Id.</u>

A prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994). Mere disagreement with the treatment provided by a medical professional does not support a claim for violation of the Eighth Amendment. <u>Lanzaro</u>, 834 F.2d at 346.

Here, Lynch's amended complaint does not allege that Siddall failed to treat him, it simply alleges that in treating him she should have diagnosed him with depression and anxiety. This is a mere disagreement with Siddall's diagnosis, which is not sufficient to state a deliberate indifference claim upon which relief may be granted. <u>Id.</u> The claim will accordingly be dismissed.

### C.    Amendment

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile. <u>Phillips</u>, 515 F.3d at 245.

Leave to amend in this case will be denied as futile. Lynch has had multiple opportunities to state a claim and has failed to do so.

**IV.    Conclusion**

Plaintiff's motion to reinstate his FTCA claim and motion for temporary restraining order are deemed withdrawn, defendant's motion to dismiss is granted, and this case is dismissed without further leave to amend. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    August 6, 2025